FILED
2013 OCT 18 AM 10:34
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY____

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  FRANK D. KORTUM
   California Bar Number 110984
6  Assistant United States Attorney
   Asset Forfeiture Section
7       1400 United States Courthouse
        312 North Spring Street
8       Los Angeles, California 90012
        Telephone: (213) 894-5710
9       Facsimile: (213) 894-7177
        E-mail: Frank.Kortum@usdoj.gov
10
   Attorneys for Plaintiff
11 United States of America

12                UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                       WESTERN DIVISION

15                                    No. CV 13-07709-GW (MRWx)
   UNITED STATES OF AMERICA
16                                    VERIFIED COMPLAINT FOR
                Plaintiff,            FORFEITURE
17
        v.
18                                    [21 U.S.C. § 881(a)(6)]
   $575,890.00 IN U.S. CURRENCY,      [D.E.A.]
19
                Defendant.
20

21      The United States of America brings this claim against the
22 defendants $575,890.00 in U.S. currency ("defendant currency")
23 and alleges as follows:

24                       JURISDICTION AND VENUE

25      1.   This is a civil forfeiture action brought pursuant to
26 21 U.S.C. § 881(a)(6).

27      2.   This court has jurisdiction over the matter under 28
28 U.S.C. §§ 1345 and 1355.

3.  Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

PERSONS AND ENTITIES

4.  ~~The plaintiff is the United States of America.~~

5.  The defendant is $575,890.00 in U.S. Currency, seized from a vehicle driven by Gloria Darlene Chinchilla ("Chinchilla"), following a traffic stop that occurred on Market Street near 43rd Street in San Diego, California on December 5, 2011. The defendant currency was seized following a search of the vehicle conducted by a California Highway Patrol Officer ("CHP") after Chinchilla was taken into custody and her vehicle was transported to a CHP facility located at 4902 Pacific Highway in San Diego, California.

6.  The defendant currency is currently in the custody of the United States Marshals Service, where it shall remain subject to this court's jurisdiction during the pendency of this action.

7.  The interests of Chinchilla and Ernesto Sanchez ("Sanchez") may be adversely affected by these proceedings.

EVIDENCE SUPPORTING FORFEITURE

8.  On December 5, 2011, a task force including agents of the Drug Enforcement Administration and officers of the Anaheim Police Department established surveillance at a residence located on Tilmont Street in Pico Rivera, California ("residence").[1] The residence was believed to be a location

---

[1] Pursuant to Local Rule 5.2-1, the residence address has been omitted from this Complaint.

2

where transactions in controlled substances would be occurring. Members of the task force observed a blue 1993 Plymouth Voyager minivan ("Voyager") arrive at the residence and back up into the driveway to a detached garage. The vehicle was being driven by a person subsequently identified as Chinchilla.

9. The task force members then observed an unidentified male ("UM") walk out of the rear area of the residence carrying two heavily weighted duffel bags. The UM carried the bags to the rear of the Voyager (which now had the rear hatch opened), and appeared to place the bags in the back of the Voyager cargo area. The UM walked away from the Voyager empty-handed, after which Chinchilla drove the Voyager away from the residence.

10. The task force members believed that they had observed a narcotics and/or narcotics proceeds transaction occurring at the residence, because it is a common method for drug traffickers to hide narcotics and/or narcotics proceeds in luggage, duffel bags, plastic bags, trash bags, and cardboard boxes to transport these items from one location to another. This method offers the trafficker a discrete manner in which to conceal the narcotics and/or narcotics proceeds.

11. Surveillance of the Voyager was maintained as it travelled towards San Diego, where it was stopped by the CHP for a Vehicle Code violation that occurred on the southbound 805 freeway. The traffic stop occurred just off the Market Street freeway exit near 43rd Street in San Diego.

12. During the traffic stop, the CHP officer identified the driver as Chinchilla. The CHP officer asked Chinchilla where she was going. Chinchilla stated she was driving from her

home in Los Angeles and going to visit her boyfriend in Tijuana, Mexico. The CHP officer then asked Chinchilla how long she was going to stay in Tijuana. Chinchilla stated that she was spending the night. The CHP officer looked around the interior of the Voyager and didn't see any luggage, additional clothing or toiletries. The CHP officer asked Chinchilla if she had packed any clothing. Chinchilla stated that she had clothes at her boyfriend's house.

13. The CHP officer also noticed two children's safety seats in the Voyager. Chinchilla stated that her child was with her grandmother in Los Angeles, California and that she was driving home that evening. CHP officers asked Chinchilla to clarify if she was spending the night or driving home. Chinchilla stated that she wasn't sure.

14. Based on Chinchilla's inconsistent statements, the CHP officer used a canine to do an exterior sniff of the Voyager and the canine alerted to the rear hatch of the vehicle.

15. The CHP officer advised Chinchilla of the positive alert and asked her if there were any illegal drugs or large amounts of currency in the Voyager. Chinchilla denied that either illegal drugs or large amounts of currency were present in the vehicle.

16. The CHP officer then had the canine search the interior of the Voyager. The canine alerted to the rear interior of the Voyager. Based on a visual inspection of the Voyager's interior, the CHP officer concluded that it had been tampered with. Chinchilla was detained and the Voyager was transported to the CHP facility in San Diego.

17. The interior of the Voyager was searched at the CHP facility in San Diego. During the search, large bundles of currency wrapped in plastic were discovered behind the interior left rear panel of the Voyager. Chinchilla was taken into custody.

18. Chinchilla denied any knowledge of the defendant currency and signed a disclaimer for the defendant currency. Due to the amount of the currency, the packaging of the currency, and the canine alert, the CHP officer concluded that the defendant currency was proceeds from drug trafficking.

19. Chinchilla waived her Miranda rights and agreed to be questioned by the CHP officer. Chinchilla stated that she did not know how the defendant currency got in her vehicle. Chinchilla also stated that she was the only person who drove the Voyager.

20. Chinchilla stated that her sole source of income came from welfare and that she earned approximately $1,000.00 in 2010 working at the Staples Center in Los Angeles, California. Chinchilla also stated that she did not work in 2011. Chinchilla stated that she did not own any property, have any savings, and that she lived with her grandmother who received federal benefits for housing.

21. Sanchez subsequently filed a claim to the defendant currency in the federal administrative forfeiture proceedings which preceded the filing of the instant complaint. Sanchez has asserted that at the time the defendant currency was seized it was being delivered to him on behalf of a buyer of some real property that Sanchez owned. The government alleges that

1  Sanchez's assertion is unsupported by the evidence.
2       22.  Based on the above, plaintiff alleges that the
3  defendant currency represents or is traceable to proceeds of
4  illegal narcotics trafficking, or was intended to be used in one
5  or more exchanges for a controlled substance or listed chemical,
6  in violation of 21 U.S.C. § 841 et seq.  The defendant currency
7  is therefore subject to forfeiture pursuant to 21 U.S.C.
8  § 881(a)(6).
9       WHEREFORE, the United States prays that due process issue
10 to enforce the forfeiture of the defendant currency, due notice
11 be given to all interested parties to appear and show cause why
12 forfeiture should be not be decreed, that this court decree
13 forfeiture of the defendant currency to the United States of
14 America for disposition according to law, and for such other and
15 further relief as this court may deem just and proper, together
16 with the costs and disbursements of this action.
17
18 DATED: October 17, 2013     ANDRÉ BIROTTE JR.
                               United States Attorney
19                             ROBERT E. DUGDALE
                               Assistant United States Attorney
20                             Chief, Criminal Division
                               STEVEN R. WELK
21                             Assistant United States Attorney
                               Chief, Asset Forfeiture Section
22
23                             /s/ Frank Kortum
24                             FRANK KORTUM
                               Assistant United States Attorney
25                             Asset Forfeiture Section
26                             Attorneys for Plaintiff
                               United States of America
27
28

**VERIFICATION**

I, BRETT KELLY, hereby declare that:

1. I am a Special Agent with the Drug Enforcement Administration and am the case agent for the forfeiture matter entitled United States v. $575,890.00 in U.S. Currency.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 17, 2013 in Santa Ana, California.

_____
BRETT KELLY
Special Agent, DEA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____George H. Wu_____ and the assigned Magistrate Judge is _____Michael R. Wilner_____ .

The case number on all documents filed with the Court should read as follows:

**2:13-CV-7709-GW (MRWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 18, 2013
Date

By  MDAVIS
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☑ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)   NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA

**DEFENDANTS**
$575,890.00 IN U.S. CURRENCY

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ANDRE BIROTTE JR., U.S. Attorney, FRANK D. KORTUM, AUSA
United States Attorney's Office, California Bar No. 110984
312 N. Spring St., 14th Floor, Los Angeles, CA 90012 (213) 894-5710

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
21 U.S.C. § 881(a)(6)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV13-07709

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☒ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date October 18, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |